UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NORA BOROWSKY,

Plaintiff,

v.

TREE TOP, INC.,

Defendant.

Case No.  25-cv-05533-RFL

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: Dkt. No. 32

Nora Borowsky alleges Tree Top Inc. mislabeled its 100% Apple Juice products.  On behalf of herself and a putative class, she alleges that these products contain Vitamin C (ascorbic acid) not derived from apples.  Her operative complaint asserts five claims: (1) violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (2) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (3) violation of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; (4) breach of express warranty; and (5) unjust enrichment.  Tree Top now moves to dismiss.  For the reasons stated below, Tree Top's motion is **GRANTED IN PART** and **DENIED IN PART**.  This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.[1]

***Reasonable Consumer Test.***  Borowsky's claims are generally governed by the reasonable consumer test.  *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)

---

[1] Tree Top requests consideration of various documents under the doctrines of incorporation by reference or judicial notice.  (Dkt. No. 32-1.)  The product labeling, USDA report for ascorbic acid, and Quality Compliance Summary are incorporated by reference into the operative complaint.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–03 (9th Cir. 2018).  The remaining documents are unnecessary to resolve this motion and not considered.

1

(CLRA, FAL, UCL claims); *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1095 (N.D. Cal. 2017) (express warranty claim); *LeGrand v. Abbott Lab'ys*, 655 F. Supp. 3d 871, 898 (N.D. Cal. 2023) (unjust enrichment claim).  This standard requires showing "members of the public are likely to be deceived."  *Williams*, 552 F.3d at 938 (citation omitted).  Whether a representation is false or misleading to the reasonable consumer is typically a question of fact not suited to a motion to dismiss.  *Id.* at 938–39.  Thus, Borowsky need only plausibly allege that Tree Top's packaging "could likely deceive a reasonable consumer."  *See id.* at 939.

Borowsky alleges that the challenged Tree Top products represent that they are "100% Apple Juice" or "100% Juice," with at least one product also representing it is made with "100% USA Apples."  (Dkt. No. 26 ("FAC") ¶¶ 13–14, 17–20.)  The label of the product she purchased is below, with the front displayed as the third quarter of the label.  (*Id.* ¶ 14; Dkt. No. 32-2.)



Even under the heightened pleading standard of Rule 9(b), Borowsky plausibly alleges that the ascorbic acid added to these products is not derived from apples.  Therefore, a reasonable consumer could be deceived by Tree Top's labeling because those products are not "100% Apple Juice" or "100% Juice."  First, she alleges a USDA report states that "all commercial ascorbic acid [is] synthetically produced" because its "reactive nature makes isolation of the substance from natural sources challenging."  (FAC ¶ 26.)  Second, she alleges ascorbic acid is "often derived from GMO corn starch, GMO corn sugar or rice starch."  (*Id.*)  Finally, she alleges that Tree Top's 2023 Quality Compliance Summary, self-descriptively intended "to address the most frequently asked questions and provide relevant information to our valued customers," explains that ascorbic acid is "derived from a multi-step process that typically begins with corn."  (*Id.*

2

¶¶ 27, 29.) From these allegations, it is reasonable to infer that the ascorbic acid added to the challenged products is not made from apples. *See Squeo v. Campbell Soup Co.*, No. 24-CV-02235-SVK, 2024 WL 4557680, at *4 (N.D. Cal. Oct. 22, 2024) (concluding similarly with allegations of artificially produced citric acid). Even though ascorbic acid "is found naturally in many fruits," Borowsky's allegations support a plausible inference that it would be commercially infeasible to extract ascorbic acid from fruits. (*See* FAC ¶¶ 26, 28; *see also* Dkt. No. 32-3 at 12.)[2] If the added ascorbic acid were derived from apples, one would expect Tree Top's Quality Compliance Summary to say that some added ascorbic acid may be derived from fruit rather than broadly explaining the production process "typically begins with corn." (*See* FAC ¶¶ 26–29.)

This case is therefore not like those where courts have dismissed mislabeling claims for insufficiently alleging false or misleading statements. For instance, since Borowsky's complaint is not based on lab testing, she did not need to allege the "specific date or place of the testing." *Cf. Garland v. Kroger Co.*, No. 24-CV-240-LL, 2025 WL 474914, at *7 (S.D. Cal. Feb. 12, 2025). Rather, she alleges from scientific literature that it is commercially infeasible to extract ascorbic acid from fruits and from Tree Top's own statements implying that Tree Top extracts ascorbic acid from corn. *See Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*, 107 Cal. App. 4th 1336, 1348 (2003). Because Borowsky plausibly alleges that the added ascorbic acid is not derived from apples, this case is not akin to one where the additives plausibly derived from fruit. *Cf. Vitort v. Kroger Copmany*, No. 3:20-CV-01317-AC, 2021 WL 6061864, at *5–7 (D. Or. Sept. 13, 2021), *aff'd sub nom. Vitort v. Kroger Co.*, No. 22-35185, 2023 WL 3143690 (9th Cir. Apr. 28, 2023).

Nor does the back label cure any ambiguity in the challenged products' front label. Even assuming the front label is ambiguous regarding whether the added ascorbic acid is derived from apples, the back label only indicates that ascorbic acid is an added ingredient. (*See* Dkt. No. 32-2.) It does not explain that the added ascorbic acid is derived from something other than apples.

---

[2] All citations to page numbers in filings on the docket refer to ECF pagination.

3

***UCL Claim.***  As analyzed above, Borowsky plausibly alleges claims under the unfair and fraudulent prongs of the UCL.  *See Williams*, 552 F.3d at 938; *Friedman v. AARP, Inc.*, 855 F.3d 1047, 1055 (9th Cir. 2017).  Since Borowsky states plausible CLRA and FAL claims, she also states a claim under the unlawful prong of the UCL.  *See MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1097 (N.D. Cal. 2014).  Accordingly, there is no need to consider whether Tree Top violated FDA guidance or whether that guidance can flow through California's Sherman Act to create another predicate violation of law.

***Availability of Equitable Remedies.***  Borowsky adequately alleges that her legal remedies are insufficient and she is entitled to seek equitable remedies.  She alleges that restitution allows her to "recover all profits from the wrongdoing, which may exceed the available damages at law."  (FAC ¶ 99.)  Tree Top does not dispute this.  That is sufficient to allege Borowsky's legal remedies are insufficient.  *See Grimbaldeston v. Saraya USA, Inc.*, No. 25-CV-05649-RFL, 2025 WL 3677857, at *5 (N.D. Cal. Dec. 17, 2025) (citing *Barton v. Procter & Gamble Co.*, No. 3:24-CV-01332-GPC, 2025 WL 2307686, at *11 (S.D. Cal. Aug. 8, 2025)).

***Standing to Seek Injunctive Relief.***  Borowsky does not have standing to seek injunctive relief.  Even though "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future," Borowsky does not plausibly allege she could "reasonably, but incorrectly, assume the product was improved" in the future.  *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969–70 (9th Cir. 2018).  Since the viability of Borowsky's claim relies on a plausible inference that it would be commercially infeasible for added ascorbic acid to be extracted from fruits, she could not reasonably believe the juice to come only from apples if she checks the back label and sees ascorbic acid on the ingredient list.  And, given her allegations, she now knows to check the back label.  *See Squeo*, 2024 WL 4557680, at *8; *Miller v. Arizona Beverages USA LLC*, No. 23-CV-03540-RFL, 2024 WL 5339466, at *1 (N.D. Cal. June 5, 2024).  She cannot plead around this deficiency, so dismissal of her request for injunctive relief is without leave to amend.

***Conclusion.***  For the foregoing reasons, Tree Top's motion to dismiss is **GRANTED IN**

4

**PART** and **DENIED IN PART**.  Borowsky's request for injunctive relief is **DISMISSED**

**WITHOUT LEAVE TO AMEND**.  Otherwise, her complaint survives dismissal.  An answer is

due by **March 30, 2026** pursuant to Rule 12(a)(4)(A).

      **IT IS SO ORDERED.**

Dated: March 16, 2026

                                    RITA F. LIN
United States District Judge