**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Daniel S. Guerra (State Bar No. 267559)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
        dguerra@bursor.com
        jglatt@bursor.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORA BOROWSKY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TREE TOP, INC.,<br><br>Defendant. | Case No. 3:25-cv-05533-RFL<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**<br><br>Judge: Hon. Rita F. Lin<br><br>Hearing Date: June 16, 2026<br>Courtroom: 15 – 18th Floor<br>Time: 10:00 a.m. |

MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO.: 3:25-CV-05533-RFL

**NOTICE OF MOTION AND MOTION**

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** on June 16, 2026 and 10:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Rita F. Lin, located in Courtroom 15 at 450 Golden Gate Avenue, San Francisco, California, Plaintiff Nora Borowsky ("Plaintiff") will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 12(f), for an order striking Defendant's Fifth, Eight, Twelfth, Eighteenth, and Twenty-First Affirmative Defenses in Defendant Tree Top Inc.'s ("Defendant") Answer to Plaintiffs' First Amended Class Action Complaint.  ECF No. 41.

This motion is based upon this notice of motion and motion, the memorandum of points and authorities below, all papers and pleadings on file with the Court, and such other written or oral argument and materials as may be presented before the Court takes this motion under submission.

Dated:  May 4, 2026

**BURSOR & FISHER, P.A**.

By:     /s/ *L. Timothy Fisher*

L. Timothy Fisher (State Bar No. 191626)
Daniel S. Guerra (State Bar No. 267559)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
         dguerra@bursor.com
         jglatt@bursor.com

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

**PAGE(S)**

NOTICE OF MOTION AND MOTION ..................................................................................................i

I.     INTRODUCTION ................................................................................................................1

II.    LEGAL STANDARD .........................................................................................................1

III.   ARGUMENT ......................................................................................................................2

     A.    Defendant's Fifth, Eighth, Twelfth, and Eighteenth "Affirmative" Defenses Are Improper Negative Defenses .................................................................2

     B.    Defendant's Twenty-First Affirmative Defense, Offset, Is Irrelevant .......................3

IV.   CONCLUSION ...................................................................................................................4

**TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES**

*"Amy" v. Curtis*,
  2020 WL 6271046 (N.D. Cal. Oct. 26, 2020) .................................................................................. 1

*Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*,
  718 F. Supp. 2d 1167 (N.D. Cal. 2010) ......................................................................................... 3

*G & G Closed Cir. Events, LLC v. Nguyen*,
  2010 WL 3749284 (N.D. Cal. Sept. 23, 2010) ............................................................................. 3

*G & G Closed Cir. Events, LLC v. Nguyen*,
  2011 WL 6293922 (N.D. Cal. Dec. 15, 2011) .............................................................................. 1

*Hernandez v. Cnty. of Monterey*,
  306 F.R.D. 279 (N.D. Cal. 2015) ................................................................................................... 2

*Il Fornaio (Am.) LLC v. Arthur J. Gallagher Risk Mgmt. Servs., LLC*,
  2024 WL 1199414 (N.D. Cal. Mar. 20, 2024) ......................................................................... 1, 3

*In re Honest Co., Inc. Sec. Litig.*,
  343 F.R.D. 147 (C.D. Cal. 2022) .................................................................................................... 4

*In re New Century*,
  588 F. Supp. 2d 1206 (C.D. Cal. 2008) ......................................................................................... 4

*J & J Sports Prods., Inc. v. Dean*,
  2011 WL 4080052 (N.D. Cal. Sept. 12, 2011) ............................................................................. 3

*Joe Hand Promotions, Inc. v. Kurti*,
  2015 WL 5276691 (S.D. Cal. Sept. 9, 2015) ............................................................................... 2

*LumaSense Techs., Inc. v. Advanced Engineering Servs., LLC*,
  2021 WL 2953237 (N.D. Cal. July 14, 2021) .............................................................................. 2

*Qarbon.com v. eHelp Corp.*,
  315 F. Supp. 2d 1046 (N.D. Cal. 2004) ......................................................................................... 4

*Skinner v. Ken's Foods, Inc.*,
  53 Cal. App. 5th 938 (2020) ........................................................................................................... 3

*Steroid Hormone Prod. Cases,*
  181 Cal. App. 4th 145 (2010) ......................................................................................................... 3

*Taylor v. Stave, Inc.*,
  2016 WL 6674987 (C.D. Cal. Jan. 4, 2016) ................................................................................. 2

*United States v. Ogden,*
  2021 WL 858467 (N.D. Cal. Mar. 8, 2021) ................................................................................. 3

*Zivkovic v. S. Cal. Edison Co.,*
  302 F.3d 1080 (9th Cir. 2002) .................................................................................................. 1, 2

**RULES**

Federal Rule of Civil Procedure 12(f) ...................................................................................... i, 1, 4

**OTHER AUTHORITIES**

5 Wright & Miller § 1274, Pleading Affirmative Defenses (4th ed.) ................................................. 4

## I.    INTRODUCTION

On April 13, 2026, Defendant filed its Answer to Plaintiff's First Amended Class Action Complaint. ECF No. 41 (Referred to herein as the "Answer"). In its Answer, Defendant asserts twenty-three affirmative defenses. However, several of these affirmative defenses are deficient and fail to pass muster under the Federal Rules of Civil Procedure for several key reasons. To start, a number of Defendant's defenses are, in fact, improperly raised "negative defenses" that do nothing more than conclusorily deny Plaintiff's well-pleaded allegations as to the core elements of her claims. *See Il Fornaio (Am.) LLC v. Arthur J. Gallagher Risk Mgmt. Servs., LLC*, 2024 WL 1199414, at *3 (N.D. Cal. Mar. 20, 2024) (striking affirmative defenses that are "negative in nature" after finding "that where a defense states that the plaintiff has not met its burden of proof, it is not an affirmative defense. Such a defense is 'merely a rebuttal against the evidence [to be] presented by the plaintiff' and, consequently, when pleaded as an affirmative defense, is 'redundant' and subject to being stricken 'so as to simply and streamline litigation.'") (internal citations omitted) (citing, *inter alia*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080 (9th Cir. 2002)).

Second, Defendant's Twenty-First defense, offset, should be stricken as irrelevant as it "would not typically apply to the claims brought here, and Defendant has provided no justification as to how those defenses could possibl[y] bear[] on the subject matter of the litigation." *Totten v. Boba Guys, Inc.,* 3:25-cv-02992-RFL (N.D. Cal. 2025), ECF No. 24 at 3 (Lin, J.) (cleaned up).

For these reasons, as will be set forth in detail below, Plaintiff respectfully requests that the Court strike Defendant's Fifth, Eight, Twelfth, Eighteenth, and Twenty-First deficient and inappropriate "affirmative" defenses.

## II.    LEGAL STANDARD

"Federal Rule of Civil Procedure 12(f) permits a court to 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.' A defense may be insufficient as a matter of pleading or a matter of law." *G & G Closed Cir. Events, LLC v. Nguyen*, 2011 WL 6293922, at *1 (N.D. Cal. Dec. 15, 2011) (internal citation omitted); *see also "Amy" v. Curtis*, 2020 WL 6271046, at *2 (N.D. Cal. Oct. 26, 2020) ("[A] motion to strike is

proper when a defense is insufficient as a matter of law.").

## III.    ARGUMENT

### A.    Defendant's Fifth, Eighth, Twelfth, and Eighteenth "Affirmative" Defenses Are Improper Negative Defenses

At least four of Defendant's asserted affirmative defenses are not actually affirmative defenses at all.  "An affirmative defense absolves a defendant of liability 'even where the plaintiff has stated a prima facie case for recovery.'"  *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291. F.R.D. 438, 442 (C.D. Cal. 2013) (emphasis added, citation omitted).  Thus, "[a] defense which demonstrates that a plaintiff has not met its burden of proof [as to an element plaintiff is required to prove] is not an affirmative defense."  *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *see also LumaSense Techs., Inc. v. Advanced Engineering Servs., LLC,* 2021 WL 2953237, at *5 (N.D. Cal. July 14, 2021) ("Defenses that target a deficiency of an element of the plaintiff's prima facie case are not affirmative defenses.").

Defendant's Fifth Affirmative Defense, that Plaintiff "has incurred no damages," Answer at 16, Eighth Defense, that Plaintiff has "already received the benefit of the bargain," *id.*, and Eighteenth Affirmative Defense, that Plaintiff's "relief is too speculative, remote, and/or impossible to prove and/or allocate," *id.* at 17, each simply allege that Plaintiff has not pleaded an element of her causes of action.  "[N]o damages[] and speculative damages are not true affirmative defenses."  *Totten,* 3:25-cv-02992-RFL, ECF No. 24 at 2 (Lin, J.).  *See also Taylor v. Stave, Inc.*, 2016 WL 6674987, at *2–*3 (C.D. Cal. Jan. 4, 2016) ("[D]efendant's tenth affirmative defense, which alleges that 'Plaintiff's damages are remote and speculative and are therefore barred[,]' is a defense to damages rather than an affirmative defense.  For these reasons, defendant's … tenth affirmative defense[ is] not [a] true affirmative defense[] and will be stricken without leave to amend."); *Joe Hand Promotions, Inc. v. Kurti*, 2015 WL 5276691, at *1 (S.D. Cal. Sept. 9, 2015) ("Defendants' seventh affirmative defense, speculative damages, is a defense to damages, not an affirmative defense.") (citation omitted); *Hernandez v. Cnty. of Monterey,* 306 F.R.D. 279, 285 (N.D. Cal. 2015) ("[Defendant] seeks to limit damages[.] … But once again the defense is insufficiently pled. … [A] defense targeting the amount of the recovery is a limitation rather than

an affirmative defense. … [This] affirmative defense too is stricken.") (internal quotation marks omitted); *J & J Sports Prods., Inc. v. Dean,* 2011 WL 4080052, at *3 (N.D. Cal. Sept. 12, 2011); *G & G Closed Cir. Events, LLC v. Nguyen,* 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010).

Similarly, Defendant's Twelfth Defense, that the "representations were not material," Answer at 17, simply negates an element of Plaintiff's claims. *See e.g., Skinner v. Ken's Foods, Inc.,* 53 Cal. App. 5th 938, 949 (2020) ("Moreover, while 'the CLRA requires a showing of actual injury as to each class member' that injury may be presumed if the misrepresentation is material. Materiality is an objective inquiry, and is thus well suited to class treatment.") (quoting *Steroid Hormone Prod. Cases,* 181 Cal. App. 4th 145, 155 (2010)). *See also United States v. Ogden,* 2021 WL 858467, at *4 (N.D. Cal. Mar. 8, 2021) ("Ogden's … fifth (lack of materiality) affirmative defense[] directly challenge whether Grinner can establish the elements of an FCA claim. For the reasons stated above, defenses that merely attack the sufficiency of the complaint are not affirmative defenses. Ogden's … fifth affirmative defense[] [is] stricken without leave to amend.")

In sum, Defendant's above-discussed defenses are not actually affirmative defenses at all. Instead, each such challenge "is 'merely a rebuttal against the evidence [to be] presented by the plaintiff[.]'" *Il Fornaio*, 2024 WL 1199414, at *3 (quoting *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173-74 (N.D. Cal. 2010)). As one court in this District explained, where, as here, a mere rebuttal is "pleaded as an affirmative defense, [it] is 'redundant' and subject to being stricken 'so as to simply and streamline litigation.'" *Id*. Accordingly, this Court should grant Plaintiff's motion to strike Defendant's Fifth, Eighth, Twelfth, and Eighteenth affirmative defenses. *See, e.g.*, *id*. ("[N]either of [defendant's] defenses are affirmative in nature. Rather, they merely deny the elements of proof plaintiff must prove. As such, it is improper to plead these two defenses as affirmative defenses and are STRICKEN WITHOUT LEAVE TO AMEND.") (capitalization in original).

### B.    Defendant's Twenty-First Affirmative Defense, Offset, Is Irrelevant

Defendant's Twenty-First Affirmative Defense states that "if it should be determined that

she has suffered legally recognizable damages, such damages are subject to set off and recoupment." Answer at 18.   This Affirmative Defense consists of a single, vague, and conclusory sentence that "simply refers to the doctrine[] without setting forth the elements of its affirmative defenses." *Qarbon.com v. eHelp Corp.,* 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004). As a result, this "affirmative defense[] fail[s] to provide 'fair notice' of what the defense is and the grounds upon which it rests." *Id.* Defendant "also fails to allege the factual basis for its affirmative defenses." *Id.* That is because this defense "would not typically apply to the claims brought here, and Defendant has provided no justification as to how those defenses could 'possibl[y] bear[] on the subject matter of the litigation.'" *Totten,* 3:25-cv-02992-RFL, ECF No. 24 at 3 (Lin, J.) (quoting *In re New Century,* 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008)). Accordingly, this defense is irrelevant under Fed. R. Civ. P. 12(f).

## IV.    CONCLUSION

"'[A]n affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense.'  Where a plaintiff can readily determine the grounds upon which an affirmative defense rests from the face of an answer, no additional factual support is required." *In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 152 (C.D. Cal. 2022) (quoting 5 Wright & Miller § 1274, Pleading Affirmative Defenses (4th ed.)).  But, as discussed in detail above, Defendant's Affirmative Defenses fail to do so because either (1) they are not actually affirmative defenses or (2) are otherwise irrelevant.  Additionally, striking these unsupported defenses ensures that the Parties will not have to expend resources engaging in a fishing expedition to uncover the factual basis for Defendant's Affirmative Defenses.  It will likewise ensure that the Court is not burdened with potential discovery disputes that may arise while Plaintiff fishes for Defendant's factual basis.

Accordingly, Plaintiff respectfully requests the Court strike Defendant's Fifth, Eighth, Twelfth, Eighteenth, and Twenty-First Affirmative Defenses.

Respectfully submitted,

Dated:  May 4, 2026

**BURSOR & FISHER, P.A**.

By:    /s/ *L. Timothy Fisher*

L. Timothy Fisher (State Bar No. 191626)
Daniel S. Guerra (State Bar No. 267559)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
        dguerra@bursor.com
        jglatt@bursor.com

*Attorneys for Plaintiff*