**BURSOR & FISHER**
P.A.

**1990 N. CALIFORNIA BLVD**
**9TH FLOOR**
**WALNUT CREEK, CA 94596**
**www.bursor.com**

**L. TIMOTHY FISHER**
Tel: **925.300.4455**
Fax: **925.407.2700**
**ltfisher@bursor.com**

July 30, 2026

*Via ECF*

Honorable Rita F. Lin
United States District Court Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102
Courtroom 15 – 18th Floor

>        *Re:*        ***Borowsky v. Tree Top Inc.*, 3:25-cv-05533-RFL**
>                    **Joint Discovery Dispute Letter**

Dear Judge Lin:

Pursuant to Your Honor's Standing Order for Civil Cases, the Parties jointly write concerning Plaintiff Nora Borowsky's dispute with Defendant Tree Top Inc.'s (Tree Top) document production and responses to Ms. Borowsky's Requests for Production (RFP), Set One.

*Plaintiff's Position:*

Defendant has refused to engage in good faith with its discovery obligations in this very simple case.  Plaintiff alleges that Defendant misleadingly advertised its Products as being comprised of solely apple juice and apple product when they contain synthetic, ascorbic acid, as shown by Defendant's own Quality Compliance Summary.  ECF No. 47 ¶¶ 14-19, 28-30.  On March 26, 2026, Plaintiff served her First Set of Requests for Production of Documents and First Set of Interrogatories on Defendant (together the "Requests").  Plaintiff served just seven requests for production and five interrogatories.  Her Requests were limited to the composition of the ascorbic acid, sales necessary to determine damages, advertisements, and labels for the products.  On July 28, Defendant produced just 24 documents.

On April 27, 2026, Defendant provided evasive and deficient responses to Plaintiff's Requests.[1]  Defendant's counsel has ignored nearly every attempt by Plaintiff's counsel to follow up on this.  On May 1, 2026, counsel for Plaintiff e-mailed counsel for Defendant to meet and confer concerning these responses.  That e-mail went unanswered.  On May 5, 2026, counsel for Plaintiff followed up with Defendant's counsel.  That e-mail was also ignored.  On May 14, 2026, counsel for Plaintiff asked Defendant's counsel when Plaintiff could expect revised

---

[1]The basis for these responses was that the Product at issue—according to Defendant—was not in circulation during the class period.  On May 4, 2026, Defendant served a baseless Rule 11 motion on Plaintiff claiming that the Complaint was factually baseless for that reason.  On May 8, 2026, Plaintiff's counsel provided an image taken by Plaintiff of the bottle showing an expiration date of January 14, 2026 and a lot number.  That is the image in the Second Amended Complaint filed on May 22, 2026.  *See* ECF No. 47 ¶¶ 14-19.

responses to her discovery requests. This was again ignored. On May 15, 2026, Plaintiff's counsel asked again via email. Again, that request was ignored. On May 26, 2026, counsel for Plaintiff followed up with a third email asking Defendant's counsel when Plaintiff can expect revised responses and the production of documents. Plaintiff's counsel indicated that it would begin the process of seeking a motion to compel by June 1, 2026. On May 26, 2026, counsel for Defendant simply responded: "We are reviewing and will get back to you in the next few days." On June 1, counsel for Defendant stated "that your office just filed another amended complaint (the Second Amended Complaint) after we noted the label originally listed in the complaint appeared false" and noted that it "expect[ed] to have amended responses accounting for the new complaint … within about two weeks of filing TreeTop's [June 5] response." On June 15, 2026, counsel for Plaintiff asked Defendant's counsel to confirm that it "intended to provide amended responses by Friday, June 19" as it indicated. It did not respond. On June 19, 2026, Defendant failed to provide any amended responses. Finally, after chasing Defendant's counsel for amended responses, on June 24, 2026, Defendant finally provided supplemental responses to these few document requests. A true and correct copy of the Requests and Defendant's insufficient responses are attached hereto as **Exhibit 1**. On July 28, 2026, Defendant served "Further Supplemental Responses" that skipped over RFPs 2 and 3.

On July 2, 2026, the Parties met and conferred concerning deficiencies in Defendant's responses. Defendant stated that it would begin a rolling production of documents beginning the week of July 20. However, Defendant stated it would not produce sales information absent a Court order.[2] Then, at 4:03 PM on Friday, July 24, Defendant's counsel stated that it would not being producing documents until the following week. Having tried to accommodate Defendant, at this point, Plaintiff has nowhere else to go but to seek an order compelling production of all responsive documents.

Request for Production No. 2 asks for all documents sufficient to show all sales to retail consumers of each SKU of the products, including net sales, units sold, unit price, unit costs, costs of goods, profit margins, and market share. Request for Production No. 3 asks for all documents showing the average retail price consumers paid for the products. These requests seek information relevant to Plaintiff's and Class Members' damages.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information calculated to lead to discovery of admissible evidence." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998). Information is relevant if it has "any tendency to make a fact more or less probable than It would be without the evidence" and is a fact of consequence in determining the action. Fed. R. Evid. 401(a)-(b).

---

[2] After the call, Plaintiff's counsel sent Defendant a summary of the topics discussed via e-mail. As to RFPs 2-3, Plaintiff noted that "[w]ith respect to sales info and pricing documents, Tree Top does not agree that they are relevant and will require an order of the Court to produce them. According to Tree Top, these requests are overly burdensome and overbroad. Tree top will provide a letter next week with further case law." Defendant's counsel did not refute this. It simply responded: "We will send a letter this upcoming week regarding the requested sales (RFP 2) and pricing (RFP 3) documents." To date, that letter has not arrived.

BURSOR&FISHER
P.A.

Defendant's unsupported objection was that the information sought is "irrelevant, overbroad, unduly burdensome, and not proportional to the needs of this case." But Defendant never explains why or how. These boilerplate objections are not sufficient to allow it to continue dodging its discovery obligations. *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("As an initial matter, general or boilerplate objections such as 'overly burdensome []' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections. … Similarly, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper."). "Where the responding party provides a boilerplate or generalized objection, the objections are inadequate and tantamount to not making any objection at all." *Herrera v. AllianceOne Receivable Mgmt., Inc.*, 2016 WL 1182751, at *3 (S.D. Cal. Mar. 28, 2016) (cleaned up).

Moreover, "[i]t is well established that the "'price premium' attributable to' an alleged misrepresentation on product labeling or packaging is a valued measure of damages in a mislabeling case under [California law]." *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1104 (N.D. Cal. 2018) (quoting *Brazil v. Dole Packaged Foods, LLC*, 660 Fed. App'x 531, 534 (9th Cir. 2016)). *See also Noohi v. Johson & Johnson Consumer Inc.*, 146 F.4th 854, 865 (9th Cir. 2025) (approving use of price differences and actual market prices to determine financial loss); *Schneider v. Chipotle Mex. Grill, Inc.*, 328 F.R.D. 520, 541 (N.D. Cal. 2018) ("Here, Dr. Krosnick's report bases its price options on 'actual prices that Chipotle charged for their food items.' [] This is sufficient to tie the measured willingness to pay to the real-world marketplace in which Chipotle's products are sold. Dr. Krosnick's report, though subject to myriad challenges on cross-examination, does demonstrate that a price premium model is 'consistent with' Plaintiffs' liability case.") (cleaned up).

### *Relief Requested*

Because Defendant has been in possession of Plaintiff's First Set of Request for Production since March, Plaintiff respectfully requests an Order requiring Defendant to produce *all* responsive documents within fourteen (14) days of its Order. Plaintiff cannot continue to wait for Defendant's delays for simple document productions to meet the December deadline. Defendant's repeated delays are particularly puzzling since it has consistently represented—as a basis for extensions Plaintiff had previously agreed to—that it had been investing the underlying facts of this case since around the time it was first filed. *See* ECF No. 21 at ¶ 5, ECF No. 28 at ¶ 5, ECF No. 30 at ¶ 6, ECF No. 38 at ¶ 3.

### *Tree Top's Position*

Ms. Borowsky peddles over two pages of irrelevant and mischaracterized background before arriving to the actual point of contention in this joint discovery dispute letter—Tree Top's meritorious objections to RFP 2 and 3, which seek unduly burdensome, overbroad, and irrelevant sales and pricing documents. Her request for relief should be denied.

***Relevant Background.*** For starters, Tree Top disputes Ms. Borowsky's assertion that it has "refused to engage in good faith with its discovery obligations." To that end, Tree Top briefly summarizes the relevant background to provide critical (and omitted) context.

BURSOR&FISHER
P.A.

Ms. Borowsky concedes her prior complaints alleged purchase based on a nonexistent front label "120% Vitamin C Daily Value Per Serving" representation. (ECF No. 1 ¶ 12; ECF No. 26 ¶ 14.) On April 27, 2026, Tree Top timely served its initial RFP responses. Explaining that Ms. Borowsky appeared to be confused about the product label, Tree Top's responses offered to confer "to discuss these Requests, the ambiguity of the product at issue, and an agreeable narrowing of the scope of the requested information." On May 4, Tree Top separately sent a letter to plaintiff's counsel, alerting them of the incorrect front label pictured in the First Amended Complaint. In response, Ms. Borowsky asked Tree Top if it would "stipulate to permitting Plaintiff to file a Second Amended Complaint to replace the product image." After Tree Top agreed to stipulate, Ms. Borowsky filed the operative Second Amended Complaint on May 22, correcting the product label. (ECF Nos. 45–47.)

After the parties resolved this threshold label issue, Tree Top promptly served supplemental RFP responses on June 24. Citing caselaw, Tree Top specifically objected to RFP 2 and 3 as "irrelevant, overbroad, unduly burdensome, and not proportional to the needs of this case," and offered to confer on these requests. Ms. Borowsky subsequently sent a letter regarding Tree Top's supplemental responses, largely disputing "the scope of the products at issue." On July 2, the Parties attended a videoconference call regarding the supplemental responses.[3] On that call, Tree Top voluntarily agreed to produce responsive, non-privileged documents within its possession, custody, or control regarding its 100% Juice 64 oz bottle, 46 oz bottle, 128 oz bottle, 128 oz bottles (multi-pack), 200 mL juice box, and 10 oz bottle. The Parties also reached agreement on every issue except for Tree Top's objections to RFP 2 and 3, which were not discussed in substantive detail. Tree Top ultimately served documents responsive to every other request, and further supplemental RFP responses.[4]

***Premature Sales/Pricing Dispute Lacks Merit.*** Ms. Borowsky's discovery dispute is procedurally and substantively defective. For starters, her dispute is premature. This Court's Standing Order for Civil Cases sets a dispute resolution procedure "[i]f the parties cannot resolve their discovery dispute after a good faith effort in which a live conversation has occurred between counsel…."[5] Counsel have not yet had a live conversation to fully discuss the substance of the present discovery dispute regarding sales and pricing documents, an issue which was only briefly referenced on the Parties' call. In any event, Ms. Borowsky's RFP 2 and 3 are improper and objectionable.

RFP 2 seeks documents "sufficient to show all sales to retail consumers" for six juice products "in the United States and California during each year within" the relevant time period, "including total NET SALES, total number of units sold, unit price, unit cost, costs of goods sold, profit margin, and market share." This request seeks irrelevant and overbroad sales information, especially at this stage of the case where a class has not been certified. *See Victor v. R.C. Bigelow, Inc.*, 2015 WL 5569716, at *2 (N.D. Cal. Sept. 21, 2015) (denying plaintiff's request for "information regarding [defendant's] profits, net profit, and cost information"); *Khasin v. R.C. Bigelow, Inc.*, 2015 WL 5569161, at *2 (N.D. Cal. Sept. 21, 2015) (same); *Red v.*

---

[3] Ms. Borowsky does not challenge Tree Top's interrogatory responses.
[4] Contrary to Ms. Borowsky's assertions, at no point did Tree Top "state[] it would not produce sales information absent a Court order." And while it did plan "on starting its rolling production the week of July 20," Tree Top informed Ms. Borowsky that "multiple team members' absences" forced service on July 28.
[5] https://cand.uscourts.gov/sites/default/files/standing-orders/RFL-CivilStandingOrder-5-7-2026.pdf.

*Kraft Foods Inc.*, 2011 WL 13128159, at *4 (C.D. Cal. July 25, 2011) ("Plaintiffs have not shown that … sales figures, profit and revenue … are relevant to the issue of class certification."); *see also Jones v. Nutiva, Inc.*, 2016 WL 5858467, at *2 (N.D. Cal. Oct. 7, 2016) (denying request to compel "company-wide financial statements," which are not "necessary.").

RFP 3 seeks documents "sufficient to show the average retail price consumers paid for each PRODUCT(S) in the United States and California during each year within" the relevant time period.  But retailers set their own prices for Tree Top's products, which it does not directly sell to consumers.  Tree Top explained that this overbroad and unduly burdensome request also seeks irrelevant documents, including as to class certification issues.  In response, Ms. Borowsky conflates the price premium as a measure of damages with discoverability of the average retail price that consumers paid for a product.  *See Victor*, 2015 WL 5569716, at *2 (denying plaintiff's motion to compel "retail pricing of products," although he alleged price premium theory); *Khasin*, 2015 WL 5569161, at *2 (same); *Red*, 2011 WL 13128159, at *3 (similar; "information about pricing of … the products").  She protests the "'price premium' attributable to' an alleged misrepresentation on product labeling or packaging is a valued measure of damages in a mislabeling case…."  But Tree Top does not dispute that the "price-premium theory" purports to measure damages based on "the concept that a consumer is paying a premium for a product because she relied on a particular representation."  *Groff v. Keurig Green Mountain, Inc.*, 2024 WL 2335634, at *6 (C.D. Cal. Mar. 18, 2024).  Indeed, Ms. Borowsky's own authorities confirm that in a labeling case, "plaintiffs may *only* recover … the price premium attributable to the offending labels, and no more."  *Ivie v. Kraft Foods Glob., Inc.*, 2015 WL 183910, at *2 (N.D. Cal. Jan. 14, 2015) (emphasis added); *Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531, 535 (9th Cir. 2016) (similar).  In contrast, "the full retail or wholesale prices is not a proper measure of restitution, as it fails to take into account the value class members received by purchasing the products."  *Jones v. ConAgra Foods, Inc.*, 2014 WL 2702726, at *19 (N.D. Cal. June 13, 2014).  Rather, as "Judge Seeborg recently reiterated," "'[t]he difference between what the plaintiff paid and the value of what the plaintiff received is a proper measure of restitution.'"  *Id*.  A purported price premium—the difference between what Ms. Borowsky paid for her juice and the value of what she received—does not support her extremely burdensome demand for full average retail prices that consumers paid nationwide for six separate products.

Respectfully submitted,

Dated:  July 30, 2026                       **BURSOR & FISHER, P.A**.

By:     /s/ *L. Timothy Fisher*
                L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Daniel S. Guerra (State Bar No. 267559)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

BURSOR&FISHER
P.A.

E-mail: ltfisher@bursor.com
dguerra@bursor.com
jglatt@bursor.com

*Attorneys for Plaintiff*

Dated: July 30, 2026                         DAVIS WRIGHT TREMAINE LLP

By: __*Peter K. Bae*__

Jacob M. Harper (SBN 259463)
*jacobharper@dwt.com*
James H. Moon (SBN 268215)
*jamesmoon@dwt.com*
Peter K. Bae (SBN 329158)
*peterbae@dwt.com*
350 S. Grand Avenue, 27th Floor
Los Angeles CA 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant Tree Top, Inc.*

### FILER'S ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1

I, L. Timothy Fisher, am the ECF User whose ID and password are being used to file the foregoing. In compliance with Civil Local Rule 5-1(i)(3), I attest that the other signatories concurred in this filing, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Dated: July 30, 2026                         By: /s/ __L. Timothy Fisher__
                                                         L. Timothy Fisher

BURSOR&FISHER
P.A.