**EXHIBIT 1**

DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
  Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
350 S. Grand Avenue, 27th Floor
Los Angeles CA 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant Tree Top, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| NORA BOROWSKY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TREE TOP, INC.,<br><br>Defendant | Case No. 3:25-cv-05533-RFL<br><br>**DEFENDANT TREE TOP, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Action Filed:  July 1, 2025 |

PROPOUNDING PARTY:   PLAINTIFF NORA BOROWSKY

RESPONDING PARTY:   DEFENDANT TREE TOP, INC.

SET NUMBER:   ONE (1)

TREE TOP'S SUPPLEMENTAL RESPONSE TO RFP, SET ONE
Case No. 3:25-cv-05533-RFL

Defendant Tree Top, Inc. supplements its response to Plaintiff Nora Borowsky's First Set of Requests for Production of Documents (Request(s)) as follows:

**PRELIMINARY STATEMENT**

The responses set forth below represent Tree Top's present knowledge based on discovery, investigation, and case preparation to date.  Tree Top has made reasonable efforts to locate responsive ss and the contents hereof are based on the information obtained from these efforts.  Tree Top's investigation into this matter is, and will continue to be, ongoing.  Tree Top may locate additional responsive documents at a later date, and may assert appropriate objections to the use of the documents identified herein.  Tree Top, therefore, expressly reserves the right to rely on additional responsive documents, whether located in the course of its continuing investigation or in the course of discovery, at all future hearings and at trial, and the right to object on appropriate grounds to the use of any documents produced in response to these Requests.  Similarly, Tree Top expressly reserves the right to rely on any and all responsive documents already filed in this matter, and incorporates any and all such responsive documents herein by this reference.  Tree Top also reserves the right to supplement this Response and any production in response to the Requests in the future.

The production of any given document pursuant to the Requests is not an admission or acknowledgment by Tree Top that such document is relevant to any claim or defense in this action; is without prejudice to Tree Top's right to contend at trial or in any other or subsequent proceeding in this action or otherwise that such document is inadmissible, irrelevant, immaterial, or not the proper basis for discovery; and is without prejudice to or waiver of any objection to any future use of such document which Tree Top may be advised to make.

Many of the categories in the Requests are duplicative or overlapping.  As a result, any document produced is, or potentially may be, responsive to more than one category.  Nonetheless, Tree Top may only produce each such document once and not each time it conceivably may be responsive to a given item in the Requests.  The circumstance that a document is produced only once is not an acknowledgment that it is potentially germane only to

1

TREE TOP'S SUPPLEMENTAL RESPONSE TO RFP, SET ONE
Case No. 3:25-cv-05533-RFL

one category and is not a waiver of Tree Top's right to use such document, if any, in any manner or on any point or subject as may be appropriate.

**GENERAL OBJECTIONS**

1.    Tree Top objects to the Definitions and Requests to the extent they seek to impose obligations greater than or different from those imposed by the Federal Rules of Civil Procedure (Rules).  In responding to the Requests, Tree Top undertakes only to comply with such Rules.

2.    Tree Top objects to the extent the documents or information sought by the Requests were generated or created after the anticipation of litigation or the commencement of this legal action, which documents Tree Top objects to listing on a privilege log, including because it is unduly burdensome and invades privileged communications with outside counsel made for purposes of litigation.

3.    Tree Top objects to the Requests, and to each and every item contained therein, to the extent that they attempt or purport to require disclosure of privileged or confidential communications between attorney and client, disclosure of documents or information protected by the attorney work product doctrine, or disclosure of documents involved in any other applicable privilege.  If, due to the volume of a document involved or any other reason, a production by Tree Top includes any document that is otherwise privileged or protected from discovery, the production of such document is inadvertent and unintentional, and Tree Top does not intend thereby to waive said privilege or protection.

4.    Tree Top objects to the Requests, and to each and every item contained therein, to the extent that they seek confidential or proprietary trade secrets and/or competitively sensitive information, or information that may be protected by a right of privacy.  Tree Top reserves the right to produce non-privileged responsive documents containing such information pursuant to a protective order appropriately limiting the control, use, and disposition of the documents.

5.    Tree Top objects to the definition of "CLASS PERIOD" as it rests on the false assumption that Ms. Borowsky can seek to certify a class in this action.  In addition, Tree Top objects to the definition to the extent Ms. Borowsky defines the term to "mean from July 1, 2021 to present."  Tree Top will define "CLASS PERIOD" to mean from July 1, 2021 to July 1, 2025,

2

TREE TOP'S SUPPLEMENTAL RESPONSE TO RFP, SET ONE
Case No. 3:25-cv-05533-RFL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

which is when Ms. Borowsky filed the original complaint.

6.      Tree Top objects to the definition of "COMMUNICATION" as vague, ambiguous, irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requires the disclosure of information not relevant to the claims or defenses, or unduly burden the responding party.

7.      Tree Top objects to the definition of "DOCUMENT" as vague, ambiguous, irrelevant, overbroad, unduly burdensome, and not proportional to the extent it purports to include every conceivable type of tangible or electronic item regardless of relevance, proportionality, or accessibility.  Tree Top will reasonably construe "DOCUMENT" to mean writings and electronically stored information within the meaning of Rule 34(a)(1) that are relevant to the claims or defenses in this action and proportional to the needs of the case.

8.      Tree Top objects to the definition of "EMPLOYEE" as vague, ambiguous, irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case.  Tree Top will reasonably construe "EMPLOYEE" to mean a person employed by Tree Top during the relevant time period.

9.      Tree Top objects to the definition of "PRODUCT(S)" as vague, ambiguous, irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case.  Tree Top will define "PRODUCT(S)" as to the product actually purchased by Ms. Borowsky, as represented in Paragraph 14 of the Second Amended Complaint.

10.      Tree Top objects to the definition of "YOU" and "YOUR" as vague, ambiguous, irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case.  Tree Top will construe the term "YOU" and "YOUR" as referring to Tree Top and, therefore, responds to these discovery requests on its own behalf only, as the Federal Rules contemplate.

11.      Tree Top objects to any Instruction or Definition that is vague, ambiguous, undefined, or subject to multiple interpretations, including the terms "PERTAIN(ING)," "REFER(ING) [sic]," "RELATE," and "RELATING."

12.      Tree Top objects to the Requests to the extent they purport to require immediate production of all responsive documents concurrent with this Response.  Tree Top will produce

TREE TOP'S SUPPLEMENTAL RESPONSE TO RFP, SET ONE
Case No. 3:25-cv-05533-RFL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

documents on a rolling basis, pursuant to a protective order appropriately limiting the control, use, and disposition of documents.

13.    Specific objections to each Request are made on an individual basis in the responses below.  The General Objections are incorporated by reference into each of the responses set forth below.  The failure to mention one of the foregoing objections in any of the responses set forth below shall not be deemed a waiver of such objection or qualification.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS concerning Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Tree Top incorporates herein by reference the Preliminary Statement and General Objections.  Tree Top objects to this Request to the extent it seeks information protected from disclosure by privileges and other protections from production including, without limitation, the attorney-client privilege, the work product doctrine, joint-defense or common-interest privilege, or any other constitutional, statutory, common law, or regulatory protection, immunity, or proscription from disclosure.  Tree Top objects to this Request as grossly overbroad, unduly burdensome, and beyond the permissible scope of discovery, including because it seeks "All DOCUMENTS" without regard to whether such documents are relevant to the claims or defenses in this action.  *See, e.g.*, *Glaukos Corp. v. Ivantis, Inc.*, 2019 WL 1960270, at *3 (C.D. Cal. Jan. 24, 2019) ("all documents" requests for production are overly broad and unduly burdensome).  Tree Top objects to this Request to the extent it calls for documents that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Tree Top objects to this Request to the extent that it calls for records that are publicly available or equally available to Ms. Borowsky.  Tree Top objects to this Request to the extent it seeks documents outside the relevant time period or scope of allegations in the operative First Amended Complaint.

Based on Tree Top's internal investigation, Ms. Borowsky appears to be confused about the "Tree Top 100% Apple Juice Product with the white label" she allegedly purchased "in April

4

TREE TOP'S SUPPLEMENTAL RESPONSE TO RFP, SET ONE
Case No. 3:25-cv-05533-RFL

2025." (FAC ¶ 7.) Tree Top is willing to meet and confer to identify with Ms. Borowsky to discuss this Request, the ambiguity of the products at issue, and an agreeable narrowing of the scope of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to and without waiving the foregoing objections, Tree Top responds as follows: Tree Top will conduct a reasonable inquiry for and produce non-privileged documents within its possession, custody, or control, if any, concerning Ms. Borowsky related to the claims or defenses alleged in this action.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS sufficient to show all sales to retail consumers for each SKU of the PRODUCT(S) in the United States and California during each year within the CLASS PERIOD, including total NET SALES, total number of units sold, unit price, unit cost, costs of goods sold, profit margin, and market share.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Tree Top incorporates herein by reference the Preliminary Statement and General Objections. Tree Top objects to this Request to the extent it seeks information protected from disclosure by privileges and other protections from production including, without limitation, the attorney-client privilege, the work product doctrine, joint-defense or common-interest privilege, or any other constitutional, statutory, common law, or regulatory protection, immunity, or proscription from disclosure. Tree Top objects to this Request to the extent that it seeks confidential or proprietary trade secrets and/or competitively sensitive information, or information that may be protected by a right of privacy. Tree Top objects to this Request as grossly overbroad, unduly burdensome, and beyond the permissible scope of discovery, including because it seeks "All DOCUMENTS" without regard to whether such documents are relevant to the claims or defenses in this action. *See, e.g.*, *Glaukos Corp. v. Ivantis, Inc.*, 2019 WL 1960270, at *3 (C.D. Cal. Jan. 24, 2019) ("all documents" requests for production are overly broad and unduly burdensome); *see also Red v. Kraft Foods Inc.*, 2011 WL 13128159, at *3 (C.D. Cal. July 25, 2011) (denying motion to compel "information about pricing of … products"

TREE TOP'S SUPPLEMENTAL RESPONSE TO RFP, SET ONE
Case No. 3:25-cv-05533-RFL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

because "[p]laintiffs do not explain how the requested information would be used in a damage analysis in this false advertising case.").  Tree Top objects to this Request to the extent it calls for documents that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Tree Top objects to the definition of the term "PRODUCT(S)" because it is overbroad and covers products that Ms. Borowsky concedes do not contain ascorbic acid (ECF No. 26 (FAC) ¶¶ 21–23) and that are not misleading (*id*. ¶ 17).  Tree Top objects to this Request to the extent it seeks documents outside the relevant time period or scope of allegations in the operative First Amended Complaint.

Based on Tree Top's internal investigation, Ms. Borowsky appears to be confused about the "Tree Top 100% Apple Juice Product with the white label" she allegedly purchased "in April 2025."  (FAC ¶ 7.)  Tree Top is willing to meet and confer to identify with Ms. Borowsky to discuss this Request, the ambiguity of the products at issue, and an agreeable narrowing of the scope of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Subject to and without waiving the foregoing objections, Tree Top responds as follows: Tree Top objects that the requested documents are irrelevant, overbroad, unduly burdensome, and not proportional to the needs of this case.  *See, e.g.*, *Red v. Kraft Foods Inc.*, 2011 WL 13128159, at *3–4 (C.D. Cal. July 25, 2011) (denying motion to compel documents and information related to pricing, sales, and profits of products at issue because plaintiff failed to "explain how the requested information would be used in a damage analysis in this false advertising case").  However, Tree Top is willing to meet and confer on this request.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS sufficient to show the average retail price consumers paid for each PRODUCT(S) in the United States and California during each year within the CLASS PERIOD, including but not limited to the manufacturer's suggested retail price ("MSRP").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Tree Top incorporates herein by reference the Preliminary Statement and General Objections.  Tree Top objects to this Request to the extent it seeks information protected from

6

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

disclosure by privileges and other protections from production including, without limitation, the attorney-client privilege, the work product doctrine, joint-defense or common-interest privilege, or any other constitutional, statutory, common law, or regulatory protection, immunity, or proscription from disclosure.  Tree Top objects to this Request to the extent that it seeks confidential or proprietary trade secrets and/or competitively sensitive information, or information that may be protected by a right of privacy.  Tree Top objects to this Request as grossly overbroad, unduly burdensome, and beyond the permissible scope of discovery, including because it seeks "All DOCUMENTS" without regard to whether such documents are relevant to the claims or defenses in this action.  *See, e.g.*, *Glaukos Corp. v. Ivantis, Inc.*, 2019 WL 1960270, at *3 (C.D. Cal. Jan. 24, 2019) ("all documents" requests for production are overly broad and unduly burdensome); *see also Red v. Kraft Foods Inc*., 2011 WL 13128159, at *3 (C.D. Cal. July 25, 2011) (denying motion to compel "information about pricing of … products" because "[p]laintiffs do not explain how the requested information would be used in a damage analysis in this false advertising case.").  Tree Top objects to this Request to the extent it calls for documents that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Tree Top objects to the definition of the term "PRODUCT(S)" because it is overbroad and covers products that Ms. Borowsky concedes do not contain ascorbic acid (ECF No. 26 (FAC) ¶¶ 21–23) and that are not misleading (*id*. ¶ 17). Tree Top objects to this Request to the extent it seeks documents outside the relevant time period or scope of allegations in the operative First Amended Complaint.  Tree Top objects to this Request as vague and ambiguous, including its use of the term "average retail price."

Based on Tree Top's internal investigation, Ms. Borowsky appears to be confused about the "Tree Top 100% Apple Juice Product with the white label" she allegedly purchased "in April 2025."  (FAC ¶ 7.)  Tree Top is willing to meet and confer to identify with Ms. Borowsky to discuss this Request, the ambiguity of the products at issue, and an agreeable narrowing of the scope of the requested documents.

TREE TOP'S SUPPLEMENTAL RESPONSE TO RFP, SET ONE
Case No. 3:25-cv-05533-RFL

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to and without waiving the foregoing objections, Tree Top responds as follows: Tree Top objects that the requested documents are irrelevant, overbroad, unduly burdensome, and not proportional to the needs of this case. *See, e.g.*, *Red v. Kraft Foods Inc.*, 2011 WL 13128159, at *3–4 (C.D. Cal. July 25, 2011) (denying motion to compel documents and information related to pricing, sales, and profits of products at issue because plaintiff failed to "explain how the requested information would be used in a damage analysis in this false advertising case"). However, Tree Top is willing to meet and confer on this request.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS concerning the sourcing, production, and manufacturing of the ascorbic acid in YOUR PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Tree Top incorporates herein by reference the Preliminary Statement and General Objections. Tree Top objects to this Request to the extent it seeks information protected from disclosure by privileges and other protections from production including, without limitation, the attorney-client privilege, the work product doctrine, joint-defense or common-interest privilege, or any other constitutional, statutory, common law, or regulatory protection, immunity, or proscription from disclosure. Tree Top objects to this Request to the extent that it seeks confidential or proprietary trade secrets and/or competitively sensitive information, or information that may be protected by a right of privacy. Tree Top objects to this Request as grossly overbroad, unduly burdensome, and beyond the permissible scope of discovery, including without limitation because it seeks "All DOCUMENTS" without regard to whether such documents are relevant to the claims or defenses in this action. *See, e.g.*, *Glaukos Corp. v. Ivantis, Inc.*, 2019 WL 1960270, at *3 (C.D. Cal. Jan. 24, 2019) ("all documents" requests for production are overly broad and unduly burdensome). Tree Top objects to this Request to the extent it calls for documents that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Tree Top objects to the definition of the term "PRODUCT(S)" because it is overbroad and covers products that Ms. Borowsky

8

TREE TOP'S SUPPLEMENTAL RESPONSE TO RFP, SET ONE
Case No. 3:25-cv-05533-RFL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

concedes do not contain ascorbic acid (ECF No. 26 (FAC) ¶¶ 21–23) and that are not misleading (*id*. ¶ 17).  Tree Top objects to this Request to the extent it seeks documents outside the relevant time period or scope of allegations in the operative First Amended Complaint.  Tree Top objects to this Request as vague and ambiguous, including its use of the terms "sourcing, production, and manufacturing."

Based on Tree Top's internal investigation, Ms. Borowsky appears to be confused about the "Tree Top 100% Apple Juice Product with the white label" she allegedly purchased "in April 2025."  (FAC ¶ 7.)  Tree Top is willing to meet and confer to identify with Ms. Borowsky to discuss this Request, the ambiguity of the products at issue, and an agreeable narrowing of the scope of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to and without waiving the foregoing objections, Tree Top responds as follows: Tree Top will conduct a reasonable inquiry for and produce documents within its possession, custody, or control, if any, sufficient to show the suppliers of ascorbic acid for the product actually purchased by Ms. Borowsky, as represented in Paragraph 14 of the Second Amended Complaint, sold in California from July 1, 2021 to July 1, 2025.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS sufficient to show EACH supplier of each ingredient or component used in the PRODUCT(S) during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Tree Top incorporates herein by reference the Preliminary Statement and General Objections.  Tree Top objects to this Request to the extent it seeks information protected from disclosure by privileges and other protections from production including, without limitation, the attorney-client privilege, the work product doctrine, joint-defense or common-interest privilege, or any other constitutional, statutory, common law, or regulatory protection, immunity, or proscription from disclosure.  Tree Top objects to this Request to the extent that it seeks confidential or proprietary trade secrets and/or competitively sensitive information, or information that may be protected by a right of privacy.  Tree Top objects to this Request as

9

TREE TOP'S SUPPLEMENTAL RESPONSE TO RFP, SET ONE
Case No. 3:25-cv-05533-RFL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

grossly overbroad, unduly burdensome, and beyond the permissible scope of discovery, including because it seeks "All DOCUMENTS" without regard to whether such documents are relevant to the claims or defenses in this action. *See, e.g.*, *Glaukos Corp. v. Ivantis, Inc.*, 2019 WL 1960270, at *3 (C.D. Cal. Jan. 24, 2019) ("all documents" requests for production are overly broad and unduly burdensome). Tree Top objects to this Request to the extent it calls for documents that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Tree Top objects to the definition of the term "PRODUCT(S)" because it is overbroad and covers products that Ms. Borowsky concedes do not contain ascorbic acid (ECF No. 26 (FAC) ¶¶ 21–23) and that are not misleading (*id*. ¶ 17). Tree Top objects to this Request to the extent it seeks documents outside the relevant time period or scope of allegations in the operative First Amended Complaint. Tree Top objects to this Request as vague and ambiguous, including its use of the terms "ingredient" and "component."

Based on Tree Top's internal investigation, Ms. Borowsky appears to be confused about the "Tree Top 100% Apple Juice Product with the white label" she allegedly purchased "in April 2025." (FAC ¶ 7.) Tree Top is willing to meet and confer to identify with Ms. Borowsky to discuss this Request, the ambiguity of the products at issue, and an agreeable narrowing of the scope of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to and without waiving the foregoing objections, Tree Top responds as follows: Tree Top will conduct a reasonable inquiry for and produce documents within its possession, custody, or control, if any, sufficient to show the suppliers of ascorbic acid for the product actually purchased by Ms. Borowsky, as represented in Paragraph 14 of the Second Amended Complaint, sold in California from July 1, 2021 to July 1, 2025.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS sufficient to show all past and present LABELS and packaging materials for each SKU of the PRODUCT(S) sold within the CLASS PERIOD, including exemplars and drafts of all such materials, and DOCUMENTS sufficient to show the time period during which each exemplar was in use.

10

TREE TOP'S SUPPLEMENTAL RESPONSE TO RFP, SET ONE
Case No. 3:25-cv-05533-RFL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Tree Top incorporates herein by reference the Preliminary Statement and General Objections.  Tree Top objects to this Request to the extent it seeks information protected from disclosure by privileges and other protections from production including, without limitation, the attorney-client privilege, the work product doctrine, joint-defense or common-interest privilege, or any other constitutional, statutory, common law, or regulatory protection, immunity, or proscription from disclosure.  Tree Top objects to this Request to the extent that it seeks confidential or proprietary trade secrets and/or competitively sensitive information, or information that may be protected by a right of privacy.  Tree Top objects to this Request as grossly overbroad, unduly burdensome, and beyond the permissible scope of discovery, including because it seeks "All DOCUMENTS" without regard to whether such documents are relevant to the claims or defenses in this action.  *See, e.g.*, *Glaukos Corp. v. Ivantis, Inc.*, 2019 WL 1960270, at \*3 (C.D. Cal. Jan. 24, 2019) ("all documents" requests for production are overly broad and unduly burdensome).  Tree Top objects to the definition of the term "PRODUCT(S)" because it is overbroad and covers products that Ms. Borowsky concedes do not contain ascorbic acid (ECF No. 26 (FAC) ¶¶ 21–23) and that are not misleading (*id*. ¶ 17).  Tree Top objects to this Request to the extent it seeks documents outside the relevant time period or scope of allegations in the operative First Amended Complaint.  Tree Top objects to this Request as vague and ambiguous, including its use of the terms "packaging materials" and "exemplars and drafts."

Based on Tree Top's internal investigation, Ms. Borowsky appears to be confused about the "Tree Top 100% Apple Juice Product with the white label" she allegedly purchased "in April 2025."  (FAC ¶ 7.)  Tree Top is willing to meet and confer to identify with Ms. Borowsky to discuss this Request, the ambiguity of the products at issue, and an agreeable narrowing of the scope of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to and without waiving the foregoing objections, Tree Top responds as follows: Tree Top will conduct a reasonable inquiry for and produce labels within its possession, custody, or control, if any, of the product actually purchased by Ms. Borowsky, as represented in

11

TREE TOP'S SUPPLEMENTAL RESPONSE TO RFP, SET ONE
Case No. 3:25-cv-05533-RFL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Paragraph 14 of the Second Amended Complaint, sold in California from July 1, 2021 to July 1, 2025.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS sufficient to show all ADVERTISEMENTS for the PRODUCT(S) during the CLASS PERIOD, and the medium and time period during which each ADVERTISEMENT was in use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Tree Top incorporates herein by reference the Preliminary Statement and General Objections. Tree Top objects to this Request to the extent it seeks information protected from disclosure by privileges and other protections from production including, without limitation, the attorney-client privilege, the work product doctrine, joint-defense or common-interest privilege, or any other constitutional, statutory, common law, or regulatory protection, immunity, or proscription from disclosure. Tree Top objects to this Request to the extent that it seeks confidential or proprietary trade secrets and/or competitively sensitive information, or information that may be protected by a right of privacy. Tree Top objects to this Request as grossly overbroad, unduly burdensome, and beyond the permissible scope of discovery, including because it seeks "All DOCUMENTS" without regard to whether such documents are relevant to the claims or defenses in this action. *See, e.g.*, *Glaukos Corp. v. Ivantis, Inc.*, 2019 WL 1960270, at *3 (C.D. Cal. Jan. 24, 2019) ("all documents" requests for production are overly broad and unduly burdensome); *see also Lavco Sol'ns, Inc. v. Biztracker Sys. of St. John, LLC*, 2021 WL 4771803, at *9 (C.D. Cal. Sept. 1, 2021) (denying motion to compel based on failure to "explain how all advertisements … are relevant to the claims or defenses in this action and proportional to the needs of the case."). Tree Top objects to the definition of the term "PRODUCT(S)" because it is overbroad and covers products that Ms. Borowsky concedes do not contain ascorbic acid (ECF No. 26 (FAC) ¶¶ 21–23) and that are not misleading (*id*. ¶ 17). Tree Top objects to this Request to the extent it seeks documents outside the relevant time period or scope of allegations in the operative First Amended Complaint. Tree Top objects to this Request as vague and ambiguous, including its use of the term "in use."

12

TREE TOP'S SUPPLEMENTAL RESPONSE TO RFP, SET ONE
Case No. 3:25-cv-05533-RFL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Based on Tree Top's internal investigation, Ms. Borowsky appears to be confused about the "Tree Top 100% Apple Juice Product with the white label" she allegedly purchased "in April 2025." (FAC ¶ 7.) Tree Top is willing to meet and confer to identify with Ms. Borowsky to discuss this Request, the ambiguity of the products at issue, and an agreeable narrowing of the scope of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to and without waiving the foregoing objections, Tree Top responds as follows: Tree Top objects to the Request in seeking "all" advertisements, regardless of form or medium, as irrelevant, unduly burdensome, and disproportionate to the needs of the case. *See, e.g.*, *Lavco Solutions, Inc. v. Biztracker Systems of St. John, LLC*, 2021 WL 4771803, at *9 (C.D. Cal. Sept. 1, 2021) (denying motion to compel documents where moving party failed to explain "how all advertisements … are relevant to the claims or defenses in this action and proportional to the needs of the case."). However, Tree Top will conduct a reasonable inquiry for and produce print advertisements within its possession, custody, or control, if any, of the product actually purchased by Ms. Borowsky, as represented in Paragraph 14 of the Second Amended Complaint, sold in California from July 1, 2021 to July 1, 2025.

DATED: June 24, 2026

DAVIS WRIGHT TREMAINE LLP
JACOB M. HARPER
JAMES H. MOON
PETER K. BAE

By: Peter K. Bae

*Attorneys for Defendant Tree Top, Inc.*

13

TREE TOP'S SUPPLEMENTAL RESPONSE TO RFP, SET ONE
Case No. 3:25-cv-05533-RFL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY ELECTRONIC MAIL AND U.S. MAIL

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, 27th Floor, 350 South Grand Avenue, Los Angeles, California 90071-3487.

On June 24, 2026, I served the foregoing document(s) described as:  **DEFENDANT TREE TOP, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** by forwarding a portable document file to the electronic mail address(es) below and by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

L. Timothy Fisher, Esq.
Daniel S. Guerra, Esq.
Joshua B. Glatt, Esq.
**BURSOR & FISHER, P.A.**
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Email:  ltfisher@bursor.com
Email:  dguerra@bursor.com
Email:  jglatt@bursor.com

**(FROM ELECTRONIC MAIL ADDRESS** sharisanders@dwt.com**)** at 27th Floor, 350 South Grand Avenue, Los Angeles, California.

**(U.S. MAIL)** - I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on June 24, 2026, at Los Angeles, California.

☒    State    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐    Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Shari Sanders | *Shari Sanders* |
| --- | --- |
| Print Name | Signature |

TREE TOP'S SUPPLEMENTAL RESPONSE TO RFP, SET ONE
Case No. 3:25-cv-05533-RFL

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899